UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>  Plaintiff,<br><br>  v.<br><br>P. COVELLO,<br><br>  Defendant. | No. 2:23-cv-1974 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants violated his constitutional rights. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2), motions for relief (ECF Nos. 10, 11), and his complaint (ECF No. 1) for screening. For the reasons set forth below, the undersigned will grant the motion to proceed in forma pauperis, deny the motions for relief without prejudice, and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

1  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

3  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

4  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

   The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.      Allegations in the Complaint**

Plaintiff states the events giving rise to the claim occurred while he was incarcerated by the California Department of Corrections and Rehabilitation ("CDCR") housed at Mule Creek State Prison ("MCSP").  (ECF No. 1 at 1.)  Plaintiff has identified MCSP warden P. Covello and John Does 1-100 as defendants in this action.  (Id.)

////

Plaintiff alleges that defendants:

> have willfully and conspiratorially denied [him] his federally protected rights by subjecting him to abuse, torts and punishment caused by some evil experimentation with invasion of privacy; excessive confinement; disciplinary/administrative actions; unsafe prison living conditions; violence; constant threat of irreparable/deadly harm; prison isolation by censoring/confiscating/disposing of the mail without legal cause; causation of health problems; denial of health care; mental/emotional/psychological harm/suffering; general injuries; confiscation of personal property without due process safeguards; obstruction of justice; and total denial of all other rights to adequate access to the court system; legal assistance; due process; equal protection; freedom of expression/media/press/education/social rehabilitation; and to be free from retaliation/discrimination/cruel and unusual punishment, in total violation of the 1/st/4th/5th/6th/8th/14th Amendments to the U.S. Constitution 42 U.S.C. § 1983.

(Id. at 3.)

Plaintiff further alleges that "the federal court system of California" has "overlooked, screened-out and denied all of [his] legal claims for relief by use of court rules . . . ." (Id.) He states

> Covello, John Does 1-100 and all governmental officials/employees/people/authorities/court system have overlooked, ignored and even distorted all of [his] civil actions and legal claims for relief by use of excuses/lies/derogatory so misleading practices/actions/omissions and by taking full advantage of [his] disabilities to communicate as to articulate legal claims effectively, incarceration status and poverty to hire a professional lawyer besides of interfering/censoring/confiscating/disposing of the mail to isolate plaintiff without legitimate penological justification/notification in violation of the laws, treaties and Constitution of the United States 42 U.S.C. §§ 1983/1985/1988/1915, respectively.

(Id. at 4.) He claims defendants "and all governmental people/authorities/court system of California have failed to take any reasonable action to investigate and stop the illegal/criminal wrongs/crime of hatred against plaintiff with deliberate indifference and such sadistic/malicious/evil state of mind; hence, notone [sic] or people were or have been accountable/liable for their wrongs and crime of hatred, as complained in all civil actions!!!"

(Id.)

////

### III. The Complaint Fails to State a Claim

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus . . . and a [civil rights] complaint under the Civil Rights Act of 1871 . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad, 540 U.S. at 750.

If plaintiff seeks release from custody based on a challenge to his conviction or sentence, he must do so through a petition for writ of habeas corpus. Habeas is the "exclusive remedy" for inmates who seek "'immediate or speedier release'" from confinement based on a violation of their constitutional rights. Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). Plaintiff may not pursue release from custody through a §1983 action. Preiser v. Rodriguez, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1989) ("Where prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus.").

The allegations in the complaint are too vague and conclusory to state a potentially cognizable claim. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988). Plaintiff has stated that his rights have been violated, but the complaint does not contain any facts explaining what acts, or failure to act, defendants took that resulted in the alleged rights violation. For example, plaintiff states defendants and others overlooked screened out, and even distorted his legal claims. (ECF No. 1 at 5.) However, he has not set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Vague and conclusory

////

allegations concerning the involvement of official personnel in civil rights violations are not sufficient to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In any amended complaint, plaintiff should specify which wrongs were committed by which defendants. See Fegbohungbe v. Caltrans, No. 13-cv-3801 WHO, 2014 WL 644008, at *3 n.4 (finding "[t]he general allegation regarding 'defendants' is . . . insufficient on its face because it does not identify which specific defendants" were responsible for the alleged harms); Chevalier v. Ray and Joan Kroc Corps. Cmty. Ctr., No. C 11-4891 SBA, 2012 WL 2088819, at *2 (N.D. Cal. June 8, 2012) (finding complaint failed to "identify which wrongs were committed by which Defendant" insufficient to state a claim). Accordingly, the court cannot determine whether those actions constitute a violation of plaintiff's civil rights.

To the extent plaintiff claims that prior state or federal cases were improperly decided, those errors should be corrected on appeal, not by subsequent civil litigation. Pierson v. Ray, 386 U.S. 547, 554 (1967); In re Thomas, 508 F.3d 1225, 1227 (9th Cir. 2007) (per curiam).

Below is a brief description of the legal standards for the claims plaintiff appears to be attempting to raise:

- To the extent plaintiff is claiming a defendant interfered with his legal mail, he must show just what a specific defendant did and explain why the defendant had not legitimate basis to do so. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).
- To state a claim for retaliation in violation of his First Amendment rights, plaintiff must show the following five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).
- To state a medical claim under the Eighth Amendment, plaintiff must allege facts showing that he had a serious medical need and that a specific defendant or defendants acted with deliberate indifference to that need. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

////

- To state an equal protection claim plaintiff must state facts showing that defendants intentionally discriminated against him based on his membership in a protected class, <u>Hartmann v. Calif. Dept. of Corr. And Rehab.</u>, 707 F.3d 1114, 1123 (9th Cir. 2013), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, <u>Engquist v. Oregon Dept. of Agriculture</u>, 553 U.S. 591, 601-02 (2008).

- In order to state a conspiracy claim, plaintiff must "allege [some] facts to support the existence of a conspiracy among the defendants." <u>Buckey v. Cnty. of Los Angeles</u>, 968 F.2d 791, 794 (9th Cir. 1992). Additionally, a conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" <u>Franklin v. Fox</u>, 312 F.3d 423, 441 (9th Cir. 2001) (quoting <u>United Steel Workers of Am. v. Phelps Dodge Corp.</u>, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, <u>Hart v. Parks</u>, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting <u>Woodrum v. Woodward Cnty., Oklahoma</u>, 866 F.2d 1121, 1126 (9th Cir. 1989)).

- In order to state an Eighth Amendment conditions of confinement claim plaintiff must state facts showing that the conditions are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006) (quotation marks and citations omitted); <u>Hope v. Pelzer</u>, 536 U.S. 730, 737 (2002); <u>Rhodes</u>, 452 U.S. at 346.

**AMENDING THE COMPLAINT**

As set forth above, the complaint does not state a cognizable claim. However, plaintiff will be given the opportunity to file an amended complaint. Plaintiff is advised that he must adhere to the following standards in any amended complaint:

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights.

- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. <u>Johnson v. Duffy</u>,

7

588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). In his complaint, plaintiff does not allege any facts showing that Warden Lozano personally participated in depriving plaintiff of his rights. Nor does plaintiff allege any facts showing how the John Doe defendants participated in the alleged rights violations.

- Plaintiff must make a short, plain statement of the facts supporting each claim. See Fed. R. Civ. P. 8(a).
- Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P. 18(a). However, he may not bring a claim against one defendant in the same case as an unrelated claim against another defendant. "Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).
- Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. In a civil rights case under § 1983, the relief available includes monetary damages and appropriate injunctive relief. Plaintiff may not seek release from custody in a § 1983 action.
- An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleadings are superseded.
- Plaintiff must exhaust his administrative remedies before filing suit. 42 U.S.C. § 19987e(a).

**MOTIONS FOR RELIEF**

Plaintiff has filed a "Motion for Equitable Relief" and a "Motion for Relief." (ECF Nos. 9, 10.) Plaintiff does not specifically state the relief sought. Rather he states in both motions that

8

1  he is entitled to "relief" but does not specify what specific relief he is requesting be granted.
2  Additionally, the motions appear to reiterate the allegations in the complaint.
3      In the motion equitable relief plaintiff states, various judges have overlooked his claims,
4  and alleges state court Judge Monahan denied his legal actions. (ECF No. 9 at 1.) However, as
5  set forth above, to the extent this claim seeks to challenge decisions in other cases, the proper
6  remedy is to appeal those decisions. Pierson, 386 U.S. at 554.
7      Plaintiff has also included exhibits attached to the motion. The exhibits include a petition
8  for resentencing in Santa Clara County. (ECF No. 9 at 2-4.) In another exhibit plaintiff states, he
9  seeks "equitable relief and justice against the excessive confinement" and references a 1992-1993
10 criminal case in which he states he was improperly interrogated and deprived of the right to
11 effective assistance of counsel. (ECF No. 10 at 20, 26-27.) Plaintiff is advised that to the extent
12 he seeks an earlier release from custody, he must seek such relief in a habeas case. Skinner, 562
13 U.S. at 533-34.
14     In his motion for relief, plaintiff states he seeks equitable relief under 28 U.S.C. § 1361
15 compelling "prison warden, attorney generals, and state/federal governmental
16 officials/courts/people to perform duty to serve justice in the sole interest of justice to protect or
17 vindicate plaintiff-petitioner's civil rights . . . ." (ECF No. 10 at 1.) However, plaintiff has not
18 identified what specific action he is seeking or what duty he claims officials have failed to
19 perform.
20     Because plaintiff has not indicated what relief he seeks nor provided any legal basis on
21 which the court could grant relief the request for relief will be denied without prejudice.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to

////

9

the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's Motion for Equitable Relief (ECF No. 9) is denied without prejudice.

4. Plaintiff's Motion for Relief (ECF No. 10) is denied without prejudice.

5. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

6. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

7. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  October 30, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/cald1974.scrn+rel