UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN CARLOS CALDERON,

Plaintiff,

v.

P. COVELLO,

Defendant.

No. 2:23-cv-1974 DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants violated his constitutional rights. Before the court is plaintiff's motion for injunctive relief (ECF No. 14), "MOTION for Personal Legal Pleading for Justice" (ECF No. 15), and his first amended complaint (ECF No. 17) for screening. For the reasons set forth below, the undersigned will deny the motion for personal legal pleading, recommend that the motion for injunctive relief be denied and recommend the complaint be dismissed without leave to amend.

## SCREENING

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.
Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II. Allegations in the Complaint**

Plaintiff states he has filed several civil actions and one federal writ of habeas corpus "seeking equitable relief against the denial of all rights on 1992 criminal case; jury trial; the appeal system; post-conviction legal actions; petitions for resentencing under new laws; and 20 years of abuse/torts/punishment caused by the governmental's [sic] abuse of power/authority complained of in all civil cases filed and submitted by plaintiff under 18 U.S.C. § 4100(b), 28 U.S.C. §§ 2241/2254(d)(2) and 42 U.S.C. §§ 1983/1985/1915, respectively." (ECF No. 17 at 1.) He further alleges that his legal actions have all been denied, "under procedural legal issues/court rules precluding any proper review of legal issues excluding and precluding any proper review of legal issues excluding and precluding legal assistance, relief and remedy at law by taking full advantage of plaintiff's communication/language and mental/learning disabilities." He accuses judges of using "their own highly professional skills to cover-up the ongoing illegal/criminal/unconstitutional wrongs, crime of hatred and evil situation complained of in all civil cases filed and submitted by plaintiff over the past 20 years." (Id.)

Plaintiff has also submitted a "Personal Letter" to the undersigned. (Id. at 2.) Therein, he states he has "inherited mental/learning/communication disabilities causing additional irrational so evil madness on people of this nation certainly!" (Id.) There has been an unlawful invasion of

his privacy. (Id.) He states he is in ill health causing "distorted emotions and isolated life full of antisocial destructive conduct and irrational thinking." He states that upon his release he will be legally deported back to Mexico where he will join a defense force fighting against "organized criminals." He seeks "any equitable relief to be legally deported back to Mexico or to be transferred under treaty 18 U.S.C. § 4100(b) and 4107-4109, and/or be released on parole, as a youth and elderly and foreign offender." (Id. at 3.)

**III. The Complaint Fails to State a Claim**

As plaintiff was previously advised, "[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus . . . and a [civil rights] complaint under the Civil Rights Act of 1871 . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad, 540 U.S. at 750.

The court finds that the amended complaint fails to state a cognizable claim because plaintiff has not identified any defendants or set forth facts explaining how his rights were violated. Additionally, it is clear from plaintiff's amended complaint, that he seeks release from the custody of the California Department of Corrections and Rehabilitation ("CDCR"). (ECF No. 17 at 3.) However, a petition for writ of habeas corpus is the "exclusive remedy" for inmates who seek "'immediate or speedier release'" from confinement based on a violation of their constitutional rights. Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). Plaintiff may not pursue release from custody through a §1983 action. Preiser v. Rodriguez, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1989) ("Where prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus.").

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988). Plaintiff was previously advised that in any amended complaint he must specify which wrongs were committed by which defendants (ECF No. 11 at 6.) The amended complaint does not identify any defendants and does not contain any facts explaining how his rights were violated. (See ECF No. 17 at 1-3.) Plaintiff was also previously advised (ECF No. 11 at 6) that allegations that prior state or federal cases were improperly decided should be corrected on appeal, not by subsequent civil litigation. Pierson v. Ray, 386 U.S. 547, 554 (1967); In re Thomas, 508 F.3d 1225, 1227 (9th Cir. 2007) (per curiam). However, he again alleges that his rights were violated based on rulings made in prior state and federal cases.

**IV. No Leave to Amend**

As set forth above, plaintiff has failed to allege facts sufficient to state a claim. The court will recommend that the first amended complaint be dismissed without leave to amend because plaintiff was previously notified of the deficiencies and has failed to correct them. A plaintiff's "repeated failure to cure deficiencies" constitutes "a strong indication that the [plaintiff] has not additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1008 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations—none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in the complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. 40 Cnty. of Yamill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

**MOTION FOR INJUNCTIVE RELIEF**

In his motion for injunctive relief, plaintiff states he is suffering from health issues. (ECF No. 14 at 1.) He later states that he needs health care and surgeries to fix a hernia, he suffers from

intestinal dysfunction, has a stomach ulcer, and nerve damage. (Id. at 2.) The court notes that these allegations do not appear in either the original or first amended complaints. He later requests that the court grant relief for medical care and surgeries, release him or transfer him to Mexico, and take "proper actions for liability and accountability to avoid future cases of crime of hatred and diversity, adversity and violation of the laws/contemporary standards of human decency/respect/integrity, as occurred in this case for many years." (Id. at 4.)

**I. Legal Standards Relative to Injunctive Relief**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."

18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[1]

Further, preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court.").

**II. Analysis**

Plaintiff seeks, in part, medical attention for a hernia, and other stomach issues. However, such relief would be inappropriate in this action because it is unrelated to the underlying claims in this action. Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have authority to issue an injunction."). If plaintiff feels that his rights have been violated based on prison officials' failure to treat his medical needs, he is advised to file a separate action based on his right to adequate health care. To the extent plaintiff's motion seeks an order directing that he be released from custody, he is again advised that such relief is not available in a civil rights action. Preiser, 411 U.S. at 479. Accordingly, the undersigned will recommend that the motion for injunctive relief be denied.

////

////

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 16519(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

**MOTION FOR PERSONAL LEGAL PLEADING FOR JUSTICE**

In his Motion for Personal Legal Pleading for Justice, plaintiff reiterates many of the allegations contained in the original and amended complaint. (ECF No. 15.) He requests that the court "take any and all reasonable actions for justice, in the sole interest of the fundamental fairness, public interest and all principles of the justice system without any more delay and prejudice." (Id. at 2.) Included as exhibits are a letter of support recommending that plaintiff be considered for release on parole, a state court petition for resentencing, and memorandums in support of his legal claims. (Id. at 4-20.)

The court's prior order denied plaintiff's requests for miscellaneous relief (ECF Nos. 9, 10) without prejudice because plaintiff failed to specify the relief sought. (ECF No. 11 at 9.) Plaintiff's motion for personal pleading requests the court "take any and all reasonable actions for justice, in the sole interest of the fundamental fairness, public interest and all principles of the justice system without any more delay and prejudice." (ECF No. 15 at 2.) The court finds that such request, as with plaintiff's prior motions, is not sufficiently specific for the court to ascertain what relief is sought. Accordingly, the undersigned will deny the request.

**REQUEST FOR COUNSEL**

In plaintiff's motion for injunctive relief, plaintiff asks for appointment of counsel. (ECF No. 14 at 3.) He states that he is illiterate, has learning disabilities, and language issues that affect his ability to communicate. (Id.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Because the undersigned has recommended that the complaint be dismissed without leave to amend, plaintiff cannot show he is likely to succeed on the merits. Accordingly, the request for the appointment of counsel will be denied.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel is denied;
2. Plaintiff's Motion for Personal Legal Pleading for Justice (ECF No. 15) is denied; and
3. The Clerk of the Court shall randomly assign this action to a United States District Judge.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for injunctive relief (ECF No. 14) be denied; and
2. The complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States Magistrate Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 21, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/cald1974.scrn2.f&r