UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON, | No. 2:23-cv-1974 DJC DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| P. COVELLO, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that defendants violated his constitutional rights.  Presently before the court are plaintiff's motions for equitable relief.  (ECF Nos. 19, 20.)  For the reasons set forth below, the undersigned will recommend that the motions be denied.

**I.      Background**

Plaintiff initiated this action with the filing of the original complaint.  (ECF No. 1.)  The undersigned screened and dismissed the complaint for failure to state a claim.  (ECF No. 11.)  The order also denied plaintiff's motion for equitable relief without prejudice.  (Id.)  Plaintiff was advised that any future request for relief should indicate the relief sought.  (Id. at 9.)

Thereafter, plaintiff submitted a motion for injunctive relief and an amended complaint.  (ECF Nos. 14, 17.)  The undersigned recommended that plaintiff's motion for injunctive relief be denied and the amended complaint be dismissed without leave to amend.  (ECF No. 18.)

1  Plaintiff's motion for injunctive relief was denied because the relief sought was not related to his
2  underlying claim in this action and release from custody is not an available remedy in a civil
3  rights action.  (ECF No. 18 at 7.)
4       Plaintiff has now filed two motions for injunctive relief seeking release from custody
5  (ECF No. 19) and vindication of his rights (ECF No. 20).
6      **II.**    **Legal Standards**
7       A party requesting preliminary injunctive relief must show that "he is likely to succeed on
8  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
9  balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.
10 Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief
11 hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean
12 Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).
13      Alternatively, under the so-called sliding scale approach, as long as the plaintiff
14 demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the
15 public interest, a preliminary injunction may issue so long as serious questions going to the merits
16 of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for
17 the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the
18 "serious questions" version of the sliding scale test for preliminary injunctions remains viable
19 after Winter).
20      The principle purpose of preliminary injunctive relief is to preserve the court's power to
21 render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R.
22 Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is
23 that the relief awarded is only temporary and there will be a full hearing on the merits of the
24 claims raised in the injunction when the action is brought to trial.
25      In cases brought by prisoners involving conditions of confinement, any preliminary
26 injunction must be narrowly drawn, extend no further than necessary to correct the harm the court
27 finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."
28 18 U.S.C. § 3626(a)(2).  Further, an injunction against individuals not parties to an action is

1  strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110

2  (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in

3  which he is not designated as a party . . . .").[1]

4  Further, preliminary injunctive relief is not appropriate until the court finds that the

5  plaintiff's complaint presents cognizable claims.  See Zepeda v. United States Immigration Serv.,

6  753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal

7  jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not

8  attempt to determine the rights of persons not before the court.").

### III. Plaintiff's Motions

#### A. Motion for Mercy and Equitable Relief

Plaintiff requests that the court render "any equitable relief to set up a release date . . . ." (ECF No. 19 at 1.)  He states that he takes responsibility for "all wrongs and irrational madness of the people nationwide. He will be legally deported back to Mexico where he will joint [sic] the autodefense forces of Michoacan, Mexico fight against organized criminal over past years; hence, the American mature society and public's safety will be all right without plaintiff under deportation status because if he cames [sic] back federal time is 7 years mandatory and after 33 years of imprisonment, plaintiff wants not more time of imprisonment indeed."  (Id.)  Plaintiff indicates that the relief sought is a date for his release from prison.  However, as plaintiff has been advised several times in this action, he cannot obtain release from custody in a § 1983 action.  Preiser v. Rodriguez, 411 U.S. 475, 479 (1973).  Because the relief sought is not available, the undersigned will recommend that the motion for equitable relief be denied.

////

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 16519(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation.  United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

  **B.  Motion to Reconsider Rational and Reasonable Judgment**

  Plaintiff alleges the "federal court and presiding judges have acted in bad faith and under some irrational or unreasonable evil manipulation of bad governmental people of the state of California caused by plaintiff's mental/learning disabilities []." (ECF No. 20 at 1.)  He further states what the court and judges are doing is not fair and asks the court to reconsider "proper and rational vindication of his civil rights, as a person within jurisdiction of the united states."  (Id.)

  It appears that plaintiff seeks reconsideration of a prior order in this action.  However, he has not specified which prior order he seeks to have reconsidered.  Accordingly, the undersigned will recommend that the request be denied without prejudice to its renewal.

  Plaintiff is advised that under Federal Rule of Civil Procedure 60, reconsideration is appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice.  School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (1993).  Additionally, the local rules state that a motion for reconsideration must demonstrate: "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [] why the facts or circumstances were not shown at the time of the prior motion."  E.D. Cal. R. 230(j)(3), (4).  In any future motion for reconsideration plaintiff should identify the order he seeks reconsideration of and comply with the standard set forth in Rule 60 and Local Rule 230(j).

**IV.**  **Conclusion**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for equitable relief (ECF No. 19) be denied; and
2. Plaintiff's motion for equitable injunctive relief (ECF No. 20) be denied without prejudice.

These findings and recommendations are submitted to the United States Magistrate Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 8, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/cald1974.eq rel